**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 07, 2006, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: November 07, 2006**

_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 05-94614 |
| | ) | |
| SHAWN FREEMAN, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| STEVEN S. DAVIS, TRUSTEE, | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 06-1471 |
| | ) | |
| v. | ) | |
| | ) | |
| SHAWN FREEMAN, | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

On June 13, 2006, the plaintiff Chapter 7 trustee filed an adversary

complaint against the debtor-defendant Shawn Freeman to revoke and deny the

debtor's discharge pursuant to 11 U.S.C. § 727(a)(6) and (d)(3).  On July 3, 2006,

the defendant filed a *pro se* answer to the complaint (Docket #6), and on

August 16, 2006, the plaintiff filed a motion for summary judgment (Docket #7).

For the reasons that follow, the plaintiff's motion for summary judgment is

granted.

## FACTS

On October 15, 2005, the defendant filed a petition under Chapter 7 of the

Bankruptcy Code.[1]  The debtor was granted a discharge on March 9, 2006,

pursuant to 11 U.S.C. § 727.  On April 27, 2006, the Court ordered the defendant

to turn over to the trustee $3,872.00, his state tax returns, 79% of the refund shown

on that return, his bank statement as of October 15, 2006, and the amount on

deposit as of that date (Case No. 05-94614, Docket #16).  According to the

affidavit accompanying the plaintiff's motion for summary judgment and the

defendant's answer, the defendant has failed to comply with that order.  The

defendant has not filed a response to the motion for summary judgment.

## DISCUSSION

The Court has jurisdiction in this adversary proceeding pursuant to

28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by

---

[1] This bankruptcy case was filed prior to October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (BAPCPA).  Therefore, all references to the Bankruptcy Code are to the Bankruptcy Code as it existed prior to the effective date of BAPCPA.

the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the

plaintiff.").  In determining the existence or nonexistence of a material fact, a court

will review the evidence in a light most favorable to the nonmoving party.  *See*

*Tennessee Department of Mental Health & Mental Retardation v. Paul B.,*

88 F.3d 1466, 1472 (6th Cir. 1996).

The plaintiff requests that the Court revoke the defendant's discharge

pursuant to 11 U.S.C. § 727(d)(3).[2]  Section 727 provides that:

> (d) On request of the trustee . . . and after notice and a hearing, the
> court shall revoke a discharge granted under subsection (a) of this section
> if —
>
> . . . .
>
> (3) the debtor committed an act specified in subsection (a)(6) of
> this section.

In turn, 11 U.S.C. § 727(a)(6)(A) provides that a debtor's discharge shall be denied

when the debtor has refused "to obey any lawful order of the court, other than an

order to respond to a material question or to testify."  *See, e.g., In re Watson,*

---

[2] Although the trustee seeks the revocation *and denial* of the debtor's
discharge, the Court believes that any order revoking a debtor's discharge under
subsection 727(d) means the debtor's discharge is taken away *without another
chance to obtain a discharge in the case*.  This situation is to be distinguished from
the situation in which a debtor's discharge is *vacated* and the debtor still has an
opportunity to obtain a discharge in the case.  *See In re Midkiff*, 342 F.3d 1194
(10th Cir. 2003) (Bankruptcy Rule 9024 authorizes court to vacate discharge order
separate and apart from revocation of discharge).  As the Tenth Circuit noted in
*Midkiff*, "Revocation of discharge has the same effect as a denial of discharge."
342 F.3d at 1199 (internal quotation marks omitted).  Thus, in the context of
subsection 727(d), the phrase "revocation *and denial* of discharge" is redundant.

4

247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

Given the evidence adduced from the parties' pleadings, and the plaintiff's affidavit, the plaintiff has shown that the defendant violated a lawful order of the Court to turn over to the trustee $3,872.00, his state tax returns, 79% of the refund shown on that return, his bank statement as of October 15, 2006, and the amount on deposit as of that date. The defendant has failed to respond to the motion for summary judgment or to produce any evidence admissible under Federal Rule of Civil Procedure 56(e) to show the existence of a material fact.

Viewing the evidence before it in a light most favorable to the defendant, the Court finds there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, the trustee's motion for summary judgment is granted. A separate judgment shall be entered in accordance with this Memorandum of Opinion.

IT IS SO ORDERED.